UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-148 |
| | ) | |
| AMY AUSTIN | ) | |

**MEMORANDUM AND ORDER**

In November 2019, this Court sentenced the defendant to a 102-month term of imprisonment for conspiring to distribute methamphetamine. Now before the Court is the defendant's *pro se* motion asking that her sentence be reduced to 60 months or, in the alternative, that she be allowed to serve the remainder of her sentence on home confinement. [Doc. 612]. The defendant asks the Court to "grant a reduction in sentencing, compassionate release, or any other relief deemed appropriate." [*Id.*]. The United States has responded in opposition to the motion [doc. 617], and the defendant has not replied within the time allowed by this court's Local Rules.

The defendant does not cite any authority in support of her motion. The Court notes that it has received numerous filings over the past year seeking release on one or more of the following three grounds: (1) The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020); (2) an April 2020 memorandum issued by then-Attorney General William Barr; and (3) 18 U.S.C. § 3582(c)(1)(A)(i).

As for the Barr memorandum, *see* Attorney General Memorandum for Director of Bureau of Prisons, https://www.justice.gov/file/1266661/download (last visited Feb 24,

2021), that document provides instructions for the Bureau of Prisons. It does not bestow any authority upon the courts.

Next, section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement. However, as with the Barr Memorandum, the CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. The Court therefore does not have power to grant relief under Section 12003 of the CARES Act.

Lastly, section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

As argued by the United States, the Court finds that the present defendant has not exhausted the administrative remedies specified in § 3582. Her motion does not state that a CARES Act request has been made to her warden, nor is documentation of any such request attached. Further, according to the United States, the Bureau of Prisons reports that it has

received no such request.  [Doc. 617, p. 8].

It remains a defendant's burden to show that she has exhausted the administrative remedies specified in § 3582(c)(1)(a)(i).  *See United States v. McDonald*, No. 94-cr-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020).  That specific exhaustion requirement in § 3582(c)(1)(A)(i) "remains a mandatory condition" in this circuit.  *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).  It is the defendant's responsibility to ask her warden to file a § 3582(c)(1)(A) motion on her behalf, and the defendant may not file a compassionate release request in this Court until after she has done so <u>and</u> not until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  Because the defendant has not documented her exhaustion of administrative remedies, and because the United States objects on that ground, the Court lacks authority to consider the present motion for compassionate release at this time.  *Alam*, 960 F.3d 831.

As provided herein, to the extent that the defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), her motion [doc. 612] is **DENIED AND DISMISSED WITHOUT PREJUDICE**.  In all other respects, her motion is **DENIED**.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge